IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRYSTAL LYNN EMLEY,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER REMANDING THE COMMISSIONER'S FINAL DECISION**<br><br>Case No. 4:18-cv-00066-PK<br><br>Magistrate Judge Paul Kohler |

This Social Security disability appeal is before the Court pursuant to 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security. Plaintiff Crystal Lynn Emley seeks review of the Administrative Law Judge's ("ALJ") decision denying her claim for disability insurance benefits, as well as Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. After review and oral argument, the Court reverses and remands the Commissioner's final decision denying Ms. Emley's claim for disability benefits for further consideration.

I.    BACKGROUND

Ms. Emley has been diagnosed with systemic lupus erythematosus ("SLE") (Tr. 338, 354-355). Throughout the relevant period, Ms. Emley reported persistent fatigue, rash, muscle and joint achiness (Tr. 362, 364, 366, 369, 370, 373, 375, 436, 566, 607). Her rash has been linked to her SLE and significant photosensitivity (Tr. 587). Ms. Emley has been treated with prednisone and infusion medications (Tr. 402, 587). Flare ups continued to be documented by her treating physicians, including chronic pain and weakness in her extremities (Tr. 472, 604, 728, 1048). Her lupus also began to affect her kidneys (Tr. 475). Lower extremity edema has been observed,

possibly due to renal issues caused by her SLE (Tr. 469, 497, 536, 574, 592, 633). Testing has shown abnormal liver enzymes (Tr. 514). She has had retinal hemorrhaging related to her SLE (Tr. 622).

In addition to the myalgias caused by her SLE, Ms. Emley had an MRI of the lumbar spine that showed impingement of the nerve root (Tr. 526). She reports chronic neck and back pain, as well, and has received trigger point injections (Tr. 564, 570, 646, 726, 781). An MRI of the lumbar spine showed she had broad based annular disc bulge at L4-5 (Tr.813). She had disc material approximately 34mm into the canal at L5-S1 with encroachment on the right S1 exiting nerve root (Tr. 813). Imaging shows that she has some tendinopathy in her hands, worse on the left than the right (Tr. 1309).

Ms. Emley has been treated for depression throughout the relevant period (Tr. 491). The record shows multiple adjustments to the claimant's medications in an attempt to stabilize her depression (Tr. 491, 646, 656). Ms. Emley has had two suicide attempts (Tr. 491, 1281, 1398).

At the hearing, Ms. Emley testified that she was 48 years old (Tr. 42). She is 5'4" tall and weighs 154 pounds (Tr. 42). She does not have a driver's license (Tr. 42-43). She has a GED and a real estate license (Tr. 43). Her last job was selling timeshares (Tr. 44). She sometimes sells clothes on eBay when she is feeling well enough (Tr. 48).

Ms. Emley has had lupus for nine years (Tr. 45). It causes chronic pain, rashes and hives, achy joints, fevers, and fatigue (Tr. 45). Her fatigue affects her on a daily basis and keeps her from getting things done (Tr. 50). She has infusions for her lupus every four weeks (Tr. 52). After her infusions, she will spend two to three days in bed due to the side-effects (Tr. 52). She gets flare ups of her lupus in response to stress (Tr. 55).

In his decision, the ALJ found that Ms. Emley had the severe impairments of lupus, fibromyalgia, degenerative disc disease of the lumbar spine, and depressive disorder (Tr. 17). At step three, he found that she did not meet a listing. (Tr. 18). Between steps 3 and 4, the ALJ found that Ms. Emley had the residual functional capacity ("RFC") to perform light work. Specifically, he found she could lift and/or carry ten pounds frequently and twenty pounds occasionally. She could stand and/or walk for six hours out of an eight-hour workday. She could sit for six hours out of an eight-hour workday. She could occasionally climb ramps and stairs, stoop, and perform fine manipulation bilaterally. She cannot climb ladders, ropes or scaffolds. She must avoid all exposure to working at heights and with dangerous moving machinery. She is limited to simple, repetitive tasks with a specific vocational preparation ("SVP") level of 2-3. (Tr. 20). At step 4, the ALJ found that Ms. Emley could not perform her past relevant work (Tr. 27). However, he found at step 5 that with the assessed residual functional capacity assessment there was other work that Ms. Emley could perform. (Tr. 28). Therefore, he found that she was not disabled. (Tr. 29).

## II.   ARGUMENTS ON APPEAL

On appeal, Ms. Emley argued that: (1) the ALJ erred in his evaluation of whether Ms. Emley's impairments meet the requirements of Listing 14.02; and (2) the ALJ erred in his evaluation of the medical opinion evidence. As discussed below, the Court ultimately finds that the ALJ erred in his evaluation of the opinion of consulting psychologist, Lane Andelin, Psy.D.

## III.   STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014)(citation omitted).

The ALJ's findings "shall be conclusive" if supported by substantial evidence. 42 U.S.C. § 405(g); *see also Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). Substantial evidence is "more than a mere scintilla [;]" it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed. 2d 842 (1971)(quotation and citation omitted). When reviewing the record, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

However, a "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine the appropriated legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1164-1165 (10th Cir. 2005)(quotations and citation omitted).

## IV. DISCUSSION

### A. Listing 14.02

The listings found at 20 C.F.R. Part 404, Subpart P, Appendix 1, describe impairments that the agency considers severe enough to prevent an individual from doing any gainful activity. 20 C.F.R. § 404.1525(a). Ms. Emley's diagnosis of SLE implicated Listing 14.02. If the evidence implicates a specific listing, the ALJ is required to discuss and evaluate whether the claimant meets or equals that listing. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996)(ALJ must discuss the evidence and explain the reasons why the claimant's impairments did not meet or equal a listing).

The "A" criteria of Listing 14.02 require the following: (1) involvement of two or more organs or body systems with one of the body systems involved to at least a moderate level of severity; and (2) at least two of the constitutional signs or symptoms which are severe fatigue,

fever, malaise, or involuntary weight loss. Ms. Emley argued that while the ALJ's decision appeared to acknowledge that she met the first requirement of the Listing, the ALJ failed to properly evaluate her fatigue and malaise in his decision (ECF Doc.16 at 6-11). The Commissioner argued that the ALJ found Ms. Emley's reported activities (including running an online boutique, doing light housework, shopping, socializing, and traveling) were inconsistent with her reported symptoms, including her symptoms of fatigue and malaise (ECF Doc. 21 at 13). The Court concludes that while the ALJ may not have made findings specific to listing 14.02 at step three, the ALJ did make findings at other steps of the sequential evaluation that provided substantial evidence to support his step 3 findings. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005)("[A]n ALJ's findings at other steps of the sequential evaluation process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment."). Therefore, the Court finds no error in the ALJ's evaluation of Listing 14.02.

      **B.     The medical opinions**

Ms. Emley submitted opinions from her rheumatologist, Dr. John McCormick, MD, and her general practitioner, Bruce Taylor, DO. Both providers submitted opinions as to her functional limitations due to her SLE, as well as, her degenerative disc disease and fibromyalgia.

Dr. McCormick opined as to the severity and presentation of Ms. Emley's SLE, and opined as to specific functional limitations (Tr. 978-980). He stated that Ms. Emley would have limitations in social functioning and in completing tasks due to concentration, persistence, and pace (Tr. 978). He opined that Ms. Emley could not stand and/or walk 6-8 hours a day and could lift less than 10 pounds (Tr. 978). He opined that Ms. Emley would have limitations with hot and cold temperatures and could only occasionally perform most postural and manipulative activities,

other than climbing ladders and overhead work which he opined she could never perform (Tr. 979).

Dr. Taylor opined that Ms. Emley could lift no more than 15 pounds, and opined that due to her impairments, she would have marked limitation in following instructions, recognizing and correcting a mistake, sequencing multi-step activities, using reason and judgment to make work-related decisions, initiating tasks, sustaining an ordinary routine and regular attendance, and working at an appropriate and consistent pace (Tr. 1593). He also stated that Ms. Emley would likely be absent 4 or more days a month and be off task 20% or more of the workday.

The ALJ gave these opinions little weight finding they were not supported by clinical or diagnostic findings and were inconsistent with the other evidence of record (Tr. 26). Ms. Emley argued that these opinions were not only consistent with her reported symptoms, but also with objective evidence in the file such as blood tests and biopsies showing hemolytic, liver, skin, and renal issues (ECF Doc. 16 at 13-14). Ms. Emley argued that the ALJ ignored this evidence and instead improperly "cherry-picked" the evidence using only the portions of the evidence favorable to his position. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012); Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004).

The Commissioner argued that the ALJ properly evaluated these opinions finding they were inconsistent with the objective medical evidence that showed a number of normal findings and inconsistent with Ms. Emley's activities as discussed above (ECF Doc. 21 at 19-22). The Court agrees that the ALJ properly considered these opinions and provided substantial evidence to support his finding that they were entitled to little weight. Therefore, the Court finds no error in the evaluation of these opinions.

However, Ms. Emley also submitted an opinion from a consulting psychologist, Lane Andelin, Psy.D. Dr. Andelin opined that Ms. Emley would have employment difficulty due to fatigue, loss of energy, memory and concentration lapses, and problems with planning and following through, feelings of panic, and difficulty completing tasks. She would be limited to comprehending simple instructions (Tr. 1246). In evaluating this opinion, the ALJ stated:

> The undersigned has considered and gives significant weight to Dr. Andelin who opined simple tasks (Exhibit 18F). This was based on an in-person exam, the assessment is complete, specific facts are cited upon which the conclusion is based, and is substantially consistent with the record as a whole. Therefore, it is given significant weight.

(Tr. 27). However, in formulating his RFC assessment, the ALJ included only Dr. Andelin's limitation to simple instructions. While the ALJ does not have to accept an opinion in its entirety, he does have to explain why some parts are ignored. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012); *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004). Accordingly, the Court finds that as the ALJ gave significant weight to the opinion of Dr. Andelin, it was error for him not to explain why some of Dr. Andelin's opined limitations were not included in the RFC assessment. Therefore, the Court will remand the case to allow Dr. Andelin's opinion to be properly evaluated.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the case is REVERSED and REMANDED to the Commissioner for further proceedings consistent with this Memorandum Decision and Order.

Signed August 29, 2019.

BY THE COURT:

Paul Kohler
United States Magistrate Judge